**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

MICHAEL MARTINHO,

          Plaintiff,

v.

JUDGE MATTHEW CURRY, et al.,

          Defendants.

Civil Action No. 23-22430 (ZNQ) (TJB)

**OPINION**

**QURAISHI, District Judge**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint. (ECF No. 1.) Because Plaintiff was previously granted *in forma pauperis* status in this matter, (*see* ECF No. 3), this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed in its entirety.

**I.    BACKGROUND**

In his complaint, Plaintiff, who identifies himself as a convicted prisoner, seeks to bring federal civil rights claims against the state judge and prosecutor involved in his criminal proceedings. (ECF No. 1 at 4-7.) Essentially, Plaintiff contends that the judge refused to consider evidence and witnesses Plaintiff wished to offer and made his decision without necessary

information, while the prosecutor allegedly improperly opposed Plaintiff's evidence and made false or misleading statements about the evidence in pressing the state's case against Plaintiff. (*Id.*)

## II. LEGAL STANDARD

Because Plaintiff has been granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting

2

*Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**III.   DISCUSSION**

In this matter, Plaintiff seeks to raise civil rights claims under 42 U.S.C. § 1983 against a state judge and prosecutor. State prosecutors, however, are absolutely immune from suit in a federal civil rights matter for actions taken in pursuing criminal convictions, such as the court room actions during a criminal trial Plaintiff describes in his complaint. *See, e.g., Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *Sheffer v. Centre County*, 818 F. App'x 160, 162 (3d Cir. 2020). State court judges are likewise absolutely immune from suit for their judicial actions unless those actions were taken in the complete absence of all jurisdiction. *See, e.g., Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). As it is clear that the judge in this case was not acting in the absence of all jurisdiction, and the prosecutor's actions in this matter were taken in furtherance of seeking Plaintiff's conviction, both Defendants in this matter are clearly immune, and Plaintiff's complaint must be dismissed in its entirety.

IV.     **CONCLUSION**

For the reasons expressed above, Plaintiff's complaint (ECF No. 1) shall be **DISMISSED** in its entirety as both named Defendants are clearly immune. An order consistent with this Opinion will be entered.


                                        s/ Zahid N. Quraishi
                                        **ZAHID N. QURAISHI**
                                        **UNITED STATES DISTRICT JUDGE**